**IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| PTW MEDIA LLC, | ) |
| Plaintiff, | ) Civil Action No.: CV 22-134 KK |
| v. | ) **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Peng Chen | ) |
| 5687 Neville St. | ) |
| Burnaby, BC V5J 2J1 | ) |
| Canada | ) |
| pchen2012n@gmail.com | ) |
| 0016048660701, | ) |
| Defendant. | |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff PTW MEDIA LLC ("POLICETUBE" or the "Plaintiff") Brings this Complaint in the United States District Court for the District of New Mexico against Defendant Peng Chen, ("Defendant"), alleging as follows:

1. This is a civil action for copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101 et seq.

## PARTIES

2. Plaintiff PTW MEDIA LLC is a Limited Liability Company based in 530-B Harkle Road STE 100, Santa Fe, NM 87505.

3. PTW MEDIA LLC is a recognized filmmaker, having a loyal and wide cult following, who publishes their original film and music productions on the popular YouTube.com ("YouTube") channel having the name "POLICETUBE" (accessible at https://www.youtube.com/channel/UCptavIZTUzswaKbEEDP9KxQ).

4. On information and belief, defendants Peng Chen the "Defendant" is an individual who says he resides in 5687 Neville St., Burnaby, BC V5J 2J1 Canada.

5. On information and belief, his e-mail address is pchen2012n@gmail.com.

6. On information and belief, the Defendant publish the video content to a YouTube channel ran by Peng Chen having the name North American Tinker (accessible at https://www.youtube.com/channel/UCgv8u95n0sLFr4m8_nR1G9A)

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which states:

    *The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.*

8. This Court has personal jurisdiction over Defendants because, on information and belief, Defendants, (a) in person or through an agent have transacted business through their YouTube channel; and/or (c) (I) have committed the infringing acts described herein, causing injury to PTW MEDIA LLC, and (ii) expected or should reasonably have expected their infringing acts to have consequences, and (iii) derive substantial revenue from interstate or international commerce.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c), to wit:
    *[...]*
    *(b)Venue in General. —A civil action may be brought in—*
        *(1)a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;*
        *(2)a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or*
        *(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.*

    *(c)Residency. —For all venue purposes—*
        *(1)a natural person, including an alien lawfully admitted for permanent residence in the United States, shall be deemed to reside in the judicial district in which that person is domiciled;*

> *(2) an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains its principal place of business; and*
> *(3) a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants.*

10. Therefore, PTW MEDIA LLC adopted a Resolution appointing Harbans Lal, Company Manager, authorizing to represent said corporation to appear before the New Mexico District Court, sign, file and submit the verified complaint, affidavits, petition, claims, and any other paper/documents/pleadings as may be required to file in court or within any other authorities in connection with the civil suit against Peng Chen.

## **PLAINTIFF'S WORK**

11. PTW MEDIA LLC is the sole owner of the copyright and all other rights in and to the creative motion picture collection of works titled "Jeremy Dewitte's Brother (Dylan) Yelling in an Intersection - Gets Scolded at by Officer" which collection includes the individual work titled "Jeremy Dewitte's Brother (Dylan) Yelling in an Intersection - Gets Scolded at by Officer" (individually the "Work").

12. A copy of PTW MEDIA LLC's registration certificate with the United States Copyright Office is attached hereto as EXHIBIT 1.

13. As an independent filmmaker struggling to achieve mainstream recognition, PTW MEDIA LLC's invests virtually all of his personal income into his projects, as well as functioning in multiple roles as writer, director, producer, cinematographer, actor, editor, and even stunt man for his projects.

14. PTW MEDIA LLC also composes all of the original soundtrack works for his film projects which music works have also received independent recognition.

15. PTW MEDIA LLC has passionately invested his time, energy, and occasionally blood into his film projects.

16. In fact, on February 7 2022, PTW MEDIA LLC invested a substantial amount of work and money into buying props and performing the character that they created.

Page 3 of 19

17. Needless to say, PTW MEDIA LLC has invested substantial time, effort, money, and quite literally his physical well-being to generate the original content for his Work.

## DEFENDANTS' INFRINGEMENTS

18. On or about February 10, 2022, Defendants published a video on their YouTube channel at this URL: http://www.youtube.com/watch?v=1mIgQDOHFls that copied and displayed PTW MEDIA LLC's original Work (the "Infringing Video"). The Photo of the above-mentioned URL is herein attached as EXHIBIT 2.

19. The Infringing Video features the Defendants purporting to discuss the Work in what they believe to be a humorous manner but in fact defames and harasses virtually all of the Work as nothing more than a prop in the Defendants' "Youtube money making scheme"

20. The Infringing Video was published without license from PTW MEDIA LLC in direct violation of PTW MEDIA LLC's exclusive rights as an author pursuant to 17 U.S.C. § 106, to wit:

> **17 U.S. Code § 106 - Exclusive rights in copyrighted works.** *Subject to sections 107 through 122, the owner of copyright under this title has the exclusive rights to do and to authorize any of the following:*
> *(1) to reproduce the copyrighted work in copies or phonorecords;*
> *(2) to prepare derivative works based upon the copyrighted work;*
> *(3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;*
> *(4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly;*
> *(5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and*
> *(6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.*

21. The Infringing Video consists of virtually all of the original Work, comprising the majority of the Infringing Video, with some original work by The Defendant comprising a minority of the Infringing Video.

22. The Infringing Video does nothing to alter the original Work with new expression, meaning, or message and the violator has purposely removed the logos and names of the rightful owner.

23. The Infringing Video fails to contribute a single substantive comment, criticism, or even parody to or of the original Work.

24. On information and belief, the Infringing Video was published by the Defendants in a transparent attempt to exploit the popularity of the original Work which currently has more than sixteen thousand "views" on YouTube.

25. The Infringing Video was even advertised by the Defendants by utilizing a still "thumbnail" image from the original Work (as opposed to a still image from the Defendants' "original content," minor as that is, from their Infringing Video) which advertisement, on information and belief, was specifically tailored by the Defendants to confuse viewers.

26. On August 20, 2021, PTW MEDIA LLC emailed the defendant to request that they immediately remove the Infringing Video from YouTube and cease all future infringement of the Work.

27. On February 14 2022, Mr. Peng Chen responded to PTW MEDIA LLC via YouTube, refusing to cease their infringement.

28. Upon information and belief, the Defendants have unfairly derived profit from the Infringing Video in the form of advertising revenues generated on YouTube by the Infringing Video.

29. Upon information and belief, the Defendants have unfairly derived profit from the Infringing Video in the form of their YouTube channel, which generates advertising revenue, increasing in popularity during the two-month period that the Infringing Video was displayed.

30. Upon information and belief, the Defendants' YouTube channel more than doubled its number of subscribers due, at least in part, to the popularity generated by the Infringing Video.

31. Upon information and belief, the Defendants have unfairly derived profit from the Infringing Video.

32. Upon information and belief, and based upon the Defendants' express statements, the Defendants have unfairly derived and/or will unfairly derive additional profit from the Infringing Video and from the goodwill and popularity generated by the Infringing Video in the form of donations from their fan base.

## DEFENDANTS' FALSE DMCA COUNTER NOTIFICATION

33. On or about Feb 11 2022, PTW MEDIA LLC submitted to YouTube a notification, pursuant to 17 USC § 512(c)(3) (the "DMCA"), requesting that YouTube takedown the Infringing Video.

    *17 U.S. Code § 512 (c) (3) - Limitations on liability relating to material online.*
    *[...]*
    *(c) Information Residing on Systems or Networks At Direction of Users. —*
    *[...]*
    *(3) Elements of notification. —*
    *(A) To be effective under this subsection, a notification of claimed infringement must be a written communication provided to the designated agent of a service provider that includes substantially the following:*
    *(i) A physical or electronic signature of a person authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.*
    *(ii) Identification of the copyrighted work claimed to have been infringed, or, if multiple copyrighted works at a single online site are covered by a single notification, a representative list of such works at that site.*
    *(iii) Identification of the material that is claimed to be infringing or to be the subject of infringing activity and that is to be removed or access to which is to be disabled, and information reasonably sufficient to permit the service provider to locate the material.*
    *(iv) Information reasonably sufficient to permit the service provider to contact the complaining party, such as an address, telephone number, and, if available, an electronic mail address at which the complaining party may be contacted.*
    *(v) A statement that the complaining party has a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law.*

> (vi) A statement that the information in the notification is accurate, and under penalty of perjury, that the complaining party is authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.
>
> (B)
> (i) Subject to clause (ii), a notification from a copyright owner or from a person authorized to act on behalf of the copyright owner that fails to comply substantially with the provisions of subparagraph (A) shall not be considered under paragraph (1)(A) in determining whether a service provider has actual knowledge or is aware of facts or circumstances from which infringing activity is apparent.
> (ii) In a case in which the notification that is provided to the service provider's designated agent fails to comply substantially with all the provisions of subparagraph (A) but substantially complies with clauses (ii), (iii), and (iv) of subparagraph (A), clause (i) of this subparagraph applies only if the service provider promptly attempts to contact the person making the notification or takes other reasonable steps to assist in the receipt of notification that substantially complies with all the provisions of subparagraph (A).

34. YouTube took down the Infringing Video on Feb 11, 2022. The Photo that supports our claim is herein attached as **EXHIBIT 2**.

35. On or about Feb 11 2022, the Defendants submitted to YouTube a counter notification, pursuant to 17 USC § 512(g)(3), to wit:
**17 U.S. Code § 512 (g) (3) - Limitations on liability relating to material online.**
> [...]
> **(g) Replacement of Removed or Disabled Material and Limitation on Other Liability. —**
> [...]
> (3) Contents of counter notification. —To be effective under this subsection, a counter notification must be a written communication provided to the service provider's designated agent that includes substantially the following:
> (A) A physical or electronic signature of the subscriber.
> (B) Identification of the material that has been removed or to which access has been disabled and the location at which the material appeared before it was removed or access to it was disabled.
> (C) A statement under penalty of perjury that the subscriber has a good faith belief that the material was removed or disabled as a result of mistake or misidentification of the material to be removed or disabled.
> (D) The subscriber's name, address, and telephone number, and a statement that the subscriber consents to the jurisdiction of Federal District Court for the judicial district in which the address is located, or if the subscriber's

*address is outside of the United States, for any judicial district in which the service provider may be found, and that the subscriber will accept service of process from the person who provided notification under subsection (c)(1)(C) or an agent of such person.*

36. A copy of the Defendant's counter notification to YouTube is attached hereto at EXHIBIT 3.

37. Aside from the fact, as described in greater detail above, that the Infringing Video does not constitute a transformative fair use, it is also the fact that the Defendants operate PENG CHEN YouTube channel, where they published the Infringing Video, as an entertainment channel via which the Defendants generate advertising revenues.

38. Upon information and belief, the Defendants' YouTube channel belongs to the YouTube partner that helps YouTube contributors, such as the Defendants, grow their advertising revenues generated from content that they publish to YouTube.

39. Indeed, the Infringing Video was rife with third party advertisements that, upon information and belief, generated advertising revenue for the Defendants.

### FIRST CLAIM FOR RELIEF
### (Copyright Infringement)

40. PTW MEDIA LLC repeats and realleges the assertions contained in paragraphs 1 throughn 37 above.

41. PTW MEDIA LLC is the author of, and sole proprietor of all right, title and interest in and to the federal copyrights in the Work. Under 17 U.S.C. § 106, PTW MEDIA LLC has the exclusive right to reproduce, distribute, publicly display and prepare derivative works based on the Work. 17 U.S.C. § 106 states:

*17 U.S. Code § 106 - Exclusive rights in copyrighted works. Subject to sections 107 through 122, the owner of copyright under this title has the exclusive rights to do and to authorize any of the following:*
   *(1) to reproduce the copyrighted work in copies or phonorecords;*
   *(2) to prepare derivative works based upon the copyrighted work;*
   *(3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;*

> (4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly;
> (5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and
> (6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

42. As alleged above, Defendants have infringed the copyrights in the Work by unlawfully reproducing, publicly displaying, promoting, distributing, and preparing an unlicensed derivative work of the Work in the form of their Infringing Video.

43. The Defendants should have known that their slavish reproduction of virtually all of the Work, without any substantive alteration to infuse the Work with new expression, meaning, or message, was not a "fair use" of the Work as defined in 17 U.S.C. § 107, to wit:

> **Under 17 U.S. Code § 107 - Limitations on exclusive rights: Fair use.**
> Notwithstanding the provisions of sections 106 and 106A, the fair use of a copyrighted work, including such use by reproduction in copies or phonorecords or by any other means specified by that section, for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright. In determining whether the use made of a work in any particular case is a fair use the factors to be considered shall include—
> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
> (2) the nature of the copyrighted work;
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
> (4) the effect of the use upon the potential market for or value of the copyrighted work.
> The fact that a work is unpublished shall not itself bar a finding of fair use if such finding is made upon consideration of all the above factors.

44. The Defendants should have performed, in good faith, research of the relevant statutes and caselaw to understand that their use of the Work was not a fair use.

45. The Defendants' infringements were willful and malicious in that they were committed with knowledge or in reckless disregard of PTW MEDIA LLC's exclusive rights, especially after having been warned of the same by PTW MEDIA LLC.

46. The Defendants' willful and malicious conduct is evidenced by their email to PTW MEDIA LLC wherein they dared him to make a DMCA request to YouTube and promised to immediately dispute such request.

47. PTW MEDIA LLC is entitled to recover from Defendants his actual damages as well as the profits of Defendants attributable to each of their infringements and not taken into account in computing actual damages, pursuant to 17 U.S.C. § 504(b); or, at PTW MEDIA LLC's election, an award of statutory damages pursuant to 17 U.S.C. § 504(c) with respect to each of the infringements by Defendants of the Work.

48. Pursuant to 17 U.S.C. § 505, PTW MEDIA LLC is also entitled to recover his costs and attorneys' fees from Defendants with respect to each infringement by Defendants of the Work.

49. As a result of Defendants' copyright infringements, PTW MEDIA LLC has suffered, and will continue to suffer, irreparable injury not fully compensable in monetary damages, and is therefore entitled to an injunction enjoining Defendants from engaging in their infringing activities.

## SECOND CLAIM FOR RELIEF
### (DMCA Misrepresentation)

50. PTW MEDIA LLC repeats and realleges the assertions contained in paragraphs 1 through 47 above.

51. By filing a DMCA counter notification with YouTube on or about Feb 11 2022, the Defendants knowingly misrepresented to YouTube that the Infringing Video was improperly removed because (i) it was a fair use under U.S. copyright law; (ii) it was noncommercial; (iii) it was transformative in nature; and (iv) it used no more of the original Work than necessary.

52. The foregoing statements made by the Defendants under penalty of perjury are made in bad faith as the material was removed due to copyright infringement.

53. 17 U.S.C. False. § 512(f) provides that "[a]ny person who knowingly materially misrepresents under this section ... shall be liable for any damages, including costs

and attorneys' fees, incurred ... by any copyright owner or copyright owner's authorized licensee .. who is injured by such misrepresentation."

54. Pursuant to its internal policies, in the event of a counter notification such as in the instant matter, YouTube requires copyright owners to submit proof that they have filed a court action seeking injunction against display of the infringing material.

55. PTW MEDIA LLC was injured by the Defendants' misrepresentation to YouTube under the DMCA in being forced to pursue this action in order to secure the ultimate removal of the Infringing Video from YouTube.

56. PTW MEDIA LLC is entitled to damages including costs and attorneys' fee pursuant to 17 U.S.C. § 512(f).

**WHEREFORE**, PTW MEDIA LLC prays that the Court:

1. Find that the Defendants have willfully and maliciously infringed PTW MEDIA LLC's copyright in the Work;

2. Preliminarily and permanently enjoin Defendants, their officers, agents, employees, and related companies, and all persons acting for, with, by, through, or under them, from copying, reproducing, distributing, advertising, promoting, publicly displaying any work that is identical or substantially similar to or reproduces any portion of the Work;

3. (a) Award to PTW MEDIA LLC, pursuant to 17 U.S.C. § 504(c), his actual damages incurred as a result of Defendants' acts of copyright infringement, and all profits Defendants realized as a result of such unlawful acts, in amounts to be determined at trial;

4. Award to PTW MEDIA LLC, pursuant to 17 U.S.C. § 505, his costs and attorneys' fees incurred as a result of Defendants' unlawful acts;

5. Find that the Defendants have made a knowing misrepresentation to YouTube pursuant to 17 U.S.C. § 512;

6. Award PTW MEDIA LLC, pursuant to 17 U.S.C. § 512(f) damages including costs and attorneys' fees arising from the litigation of this action to secure final takedown of the Infringing video; and

7. Grant such other and further relief as the Court deems necessary and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff demands trial by jury in this action of all issues so triable.

Dated:    February 18, 2022

*Harbans Lal* (signature)

Harbans Lal
PTW MEDIA LLC (NM)
530-B Harkle Road STE 100,
Santa Fe, NM 87505
1(800)480-8797 x5050
legal@policetuber.com
Representative Appointee of the Plaintiff

## VERIFICATION

I, Harbans Lal, am the representative appointee of the plaintiff in the above-entitled case. I declare that I have read the foregoing Verified Complaint, all attachments, and know its contents. I declare that the foregoing Verified Complaint, is true to the best of my knowledge, information, and belief.

Executed on February 18, 2022 at State of New Mexico.

*[signature]*

Harbans Lal
PTW MEDIA LLC (NM)
530-B Harkle Road STE 100,
Santa Fe, NM 87505
1(800)480-8797 x5050
legal@policetuber.com
Representative Appointee of the Plaintiff

# EXHIBIT 1



# EXHIBIT 2



# EXHIBIT 3

We received the attached counter notification in response to a complaint you filed with us.

We're providing you with the counter notification and await evidence (in not more than 10 business days) that you've filed an action seeking a court order against the counter notifier to restrain the allegedly infringing activity. In most cases, such evidence would include a lawsuit against the uploader who filed the counter notification, which names the specific YouTube URL(s) at issue.

Such evidence should be submitted by replying directly to this email. Please do not send your reply to copyright@youtube.com. If we don't receive notice from you, we may reinstate the material to YouTube.

- The YouTube Team

Counter Notification as follows:

Videos included in counter notification:

- http://www.youtube.com/watch?v=1mlqQDOHFIs

Display name of uploader: 北美her华语

First of all, generally, in nearly all countries that recognize copyright, mechanical reproduction or recording, where no human choices are made and real life is recorded, are not protected by copyright. This has been confirmed in the U.S. in a variety of copyright lawsuits testing the protections that security camera and CCTV footage has, finding that it is not the product of human creativity. Since the dashcam and bodycam footage is purely a function of the direction the squad car or police happen to be facing, and that direction is not chosen with the intention of changing the camcorder angle, it does not qualify for copyright protection, so such footage could be freely used in the Documentary. Secondly, Fair Use Copyright Disclaimer under section 107 of the Copyright Act of 1976, allowance is made for "fair use" for purposes such as criticism, comment, news reporting, teaching, education and research. Fair use is a use permitted by copyright statute that might otherwise be infringing. Fair Use Definition Fair use is a doctrine in United States copyright law that allows limited use of copyrighted material without requiring permission from the rights holders, such as commentary, criticism, news reporting, research, teaching or scholarship. It provides for the legal, non-licensed citation or incorporation of copyright material in another author's work under a four factor balancing test. My video is going to feature quite a few of the things mentioned accompanied with the mandatory commentary. Mostly with a pinch of sarcasm and a dash of satire for entertainment value and as written above, it falls under "Fair Use"...

I swear, under penalty of perjury, that I have a good faith belief the material was removed due to a mistake or misidentification of the material to be removed or disabled.

I consent to the jurisdiction of the Federal District Court for the district in which my address is located, or if my address is outside of the United States, the judicial district in which YouTube is located, and will accept service of process from the claimant.

Peng Chen

Peng Chen
5687 Neville St.
Burnaby, BC V5J 2J1
Canada

pchen2012n@gmail.com

001-6048660701